**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4860-17T1

WILLIAM BOLEBRUCH,

    Plaintiff-Appellant,

v.

NICHOLAS G. ANGELUCCI,

    Defendant-Respondent.

_____

Argued March 20, 2019 – Decided April 9, 2019

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1993-17.

Paul R. Melletz argued the cause for appellant (Gerstein Grayson Cohen & Melletz, LLP, attorneys; Paul R. Melletz, on the briefs).

Steven Antinoff argued the cause for respondent (Parker Young & Antinoff, LLC, attorneys; Steven Antinoff, on the brief).

PER CURIAM

Plaintiff William Bolebruch appeals from a May 14, 2018 order dismissing his complaint against defendant Nicholas G. Angelucci for failure to state a claim. We affirm.

We take the following facts from the record. In 2015, plaintiff and defendant were involved in a motor vehicle accident on U.S. Route 130 South in Robbinsville. Plaintiff alleged his vehicle was at a complete stop when defendant rear-ended him. Plaintiff alleged he suffered several injuries and incurred medical expenses as a result of the accident.

Subsequently, plaintiff's automobile insurer, CURE Auto Insurance (CURE), conducted an investigation and determined plaintiff made material misrepresentations on at least three insurance renewal forms. CURE found plaintiff failed to disclose his adult son was a household member at the time of the renewal application, his son's driver's license was suspended from October 2012 to January 2015, due to a DUI conviction, and his son had co-leased a 2011 Nissan Altima added to the CURE policy by plaintiff in December 2013. CURE retroactively canceled the policy to a date preceding the 2015 accident and refunded plaintiff's policy premiums. Plaintiff never challenged CURE's decision to cancel the policy.

A-4860-17T1

CURE's investigation revealed plaintiff had completed a renewal application in May 2013, renewing his policy as of July 19, 2013. The renewal application asked plaintiff to "[l]ist the name(s) of every driver and every person who lives in [the applicant's] house (including children and roommates)[.]" Plaintiff listed himself and his adult daughter, but failed to list his son. The application asked plaintiff whether "any driver in [his] household [had] been convicted of a moving traffic violation or had his/her license suspended or revoked within the past [thirty-six] months[.] If yes, please indicate the driver's name and the date and type of violation." Plaintiff did not disclose his son's DUI license suspension.

The application also included an attestation, which stated, "I acknowledge the only members who currently reside in my household are listed on this questionnaire, and if any additional person(s) become new residents of my household, I will notify CURE in writing prior to such time." The application also required plaintiff to attest "that the statements on [the] questionnaire are true[,] [and] acknowledge that the submission of complete and accurate information to CURE is necessary for proper underwriting and rating of [the] renewal application." The application cautioned "any false or misleading

information or any material misrepresentation or omission . . . [would] void coverage from the inception date of the contract."

In December 2013, plaintiff added his son's vehicle to his CURE policy, but failed to disclose his son co-leased the vehicle. Plaintiff signed another renewal application in April 2015, which failed to remedy any of the aforementioned misrepresentations and omissions. The application requested plaintiff disclose "other household members that live at the policy address (including children and roommates)[.]" Plaintiff did not disclose his son was living in the house at the time. The application asked whether "any drivers' licenses [had] been suspended in any state in the past [thirty-six] months[.]" Plaintiff replied "no." The application included the same acknowledgments and warnings as the previous renewal application.

Plaintiff completed a policy renewal application in June 2016. Again, he failed to disclose his son resided in the residence.

In September 2016, CURE advised plaintiff it had cancelled the policy as of July 19, 2013. The letter advised:

> Specifically and identified to date, on May 10, 2013, April 23, 2015 and June 20, 2016 you signed and dated applications for renewal and failed to disclose all household members, namely [your son] whose driver's license was suspended from October 18, 2012 until January 15, 2015 for a major violation. Further when

4

you added the 2011 Nissan Altima to your policy you failed to disclose that [your son] was the sole lessee. Furthermore you provided false and misleading information in two recorded statements taken on May 10, 2016 and June 24, 2016 regarding household members.

An October 2016 letter noted the misrepresentations were material because plaintiff "would not have met CURE's acceptance criteria" if CURE had been aware of the information omitted by plaintiff.

In September 2017, plaintiff filed a personal injury complaint against defendant in this matter. Defendant filed an answer and subsequently deposed plaintiff. During his deposition, plaintiff testified his son resided with him during each of the policy renewal periods. He also admitted his son's license was suspended from October 2012 through January 2015, due to a DUI conviction.

Defendant filed a motion to dismiss the complaint for failure to state a claim because plaintiff was uninsured at the time of the accident by virtue of the retroactive termination of his policy, and thus, his damages claims were barred pursuant to N.J.S.A. 39:6A-4.5(a). The motion judge granted the motion to dismiss. This appeal followed.

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (citing

Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002)). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Ibid. (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "This standard requires that 'the pleading be searched in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement.'" Ibid. (quoting Seidenberg, 348 N.J. Super. at 250).

On appeal, plaintiff claims the trial court erred because his son lived with him sporadically during the time since completion of the initial insurance renewal application. Plaintiff claims he was not aware he was required to list his son on the renewal application and the omissions on the renewal applications were the product of a mistake. He contends the court should have afforded him every reasonable factual inference in deciding the motion and dismissal of the complaint was premature. He argues the motion judge relied on facts outside of the pleadings and therefore should have treated the matter as a summary judgment application.

N.J.S.A. 39:6A-3 requires that all owners of motor vehicles registered in this State are required to maintain minimum amounts of insurance coverage for

6

bodily injury, death, and property damage caused by their vehicles. N.J.S.A. 39:6A-4 requires that each policy must contain a package of personal injury protection (PIP) benefits. These requirements are not governed by hindsight; they do not turn on whether a particular accident invokes the insurer's obligation to pay. Indeed, N.J.S.A. 39:6A-4.5(a) bars the ability to sue if a New Jersey resident is not in compliance with N.J.S.A. 39:6A-3.1, -3.3, or -4, and specifically states:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage . . . shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

Thus, the legislative purpose is to incentivize uninsured drivers to comply with the compulsory insurance laws and either "obtain automobile liability insurance coverage or lose the right to maintain a suit for both economic and noneconomic injuries." Caviglia v. Royal Tours Am., 178 N.J. 460, 471 (2004).

If the words of a statute are clear, we should not infer a meaning other than what is plainly written in the statute. Hardy ex rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 101 (2009). N.J.S.A. 39:6A-4.5(a) does not include a requirement that an uninsured motorist have a culpable state of mind, and does

not exempt motorists who have a good faith belief that they have PIP benefits coverage.

Rather, the statute has been described as a "blunt tool" that may result in harsh outcomes, but that is because "[t]he statute's self-evident purpose" is "to give the maximum incentive to all motorists to comply with this State's compulsory no-fault insurance laws." Aronberg v. Tolbert, 207 N.J. 587, 599, 601 (2011). Harsh consequences, however, do not permit a departure from the express language in the statute because "[i]t is not within [the Court's] province to second guess the policymaking decisions of the Legislature when no constitutional principle is at issue." Id. at 602.

Here, the motion judge was neither required to decide whether plaintiff operated with a requisite scienter rule, nor determine whether the misrepresentations were material or if the omissions were the product of a good faith mistake. The sole question before the judge was whether plaintiff was without PIP coverage at the time of the accident. Defendant's answer asserted plaintiff's cause of action was barred for failure to comply with N.J.S.A. 39:6A-8(a). Aside from disputing the reasons for cancelation of his insurance, which was a matter between plaintiff and CURE—not defendant, there was no question

plaintiff was uninsured as of the date of the accident. For these reasons, dismissal of the complaint under either <u>Rule</u> 4:6-2(e) or 4:46-2(c) was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION